## Case No. 6,683.

### In re HOPKINS.

[2 Curt. 567.] [1]

Circuit Court, D. Rhode Island.   June Term, 1856.

INSOLVENCY—STAY OF PROCEEDINGS—IMPRISONMENT.

1. That part of the insolvent law of Rhode Island which relieves from imprisonment on execution, a debtor who has, without fraud or perjury, obtained a certificate of discharge, having been in operation at the date of the process act of May 19, 1828 (4 Stat. 278), is adopted by the third section of that act, so far that a person so discharged cannot be imprisoned under final process of this court, for debts contracted prior to the filing of his petition.
[Cited in Gorham v. Wing, 10 Mich. 497, 499.]

2. If such a debtor obtain his discharge during his imprisonment on process of this court, how he is to be relieved.   Quaere.

3. The provision of the insolvent law of Rhode Island, empowering the supreme court of that state, in its discretion, to grant a stay of all proceedings against the insolvent debtor, is addressed exclusively, to that court, and cannot be executed by this court.

4. Nor can this court stay an execution to which a creditor is entitled, upon a showing that the supreme court of the state, in its discretion, has granted a stay of proceedings.

5. Whether this court will, in any case, stay an execution on account of the pendency of such a petition in the supreme court of the state. Quaere.

The Dean Cotton Manufacturing Company being entitled to an execution against the person and estate of Samuel Hopkins, on a judgment recovered upon promises; at the present term, Hopkins applied to the court to stay the execution against his person, on account of the pendency of his petition for the benefit of the insolvent laws of the state, in the supreme court of the state; and he produced a certificate, which was as follows: "State of Rhode Island, &c.   Washington, Sc.   Supreme Court, February Term, A. D. 1856. I certify that on the second day of the present term upon the petition of Samuel Hopkins of Exeter in said county of Washington, praying for the benefit of the act entitled 'An act for the relief of insolvent debtors,' it was by said court ordered—that said petition be continued to the next term of said court, to be holden at South Kingstown within and for said county on the second Monday of August next, and that in the

---

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

mean time all proceedings against the person of said petitioner for the collection of debts contracted prior to the time of filing his petition be stayed. In attestation whereof I hereunto set my hand and affix the seal of said supreme court at South Kingstown this 22d day of February, A. D. 1856. Powell Helme, Clerk." No other cause was shown.

R. W. Green, for the motion.
T. A. Jenckes, contra.

CURTIS, Circuit Justice. The insolvent law of Rhode Island, substantially as it now exists, having been in operation at the date of the process act of May 19, 1828 (4 Stat. 278), the third section of this act must be taken to have adopted so much of that insolvent law as relieves the person from imprisonment on execution, by a discharge obtained without fraud or perjury under that insolvent law. Such was the decision of the supreme court in Beers v. Haughton, 9 Pet. [34 U. S.] 361, as explained and affirmed in Duncan v. Darst, 1 How. [42 U. S.] 307. But this applies only to a case where the discharge has been obtained. It is enacted in the sixth section of the insolvent law of Rhode Island [Laws 1844, p. 212] that on the reception of a petition for the benefit of that act, the supreme court shall have power in their discretion, to stay all proceedings against the body and estate or either, of the petitioner, for the collection of debts. It is manifest that this is addressed exclusively to the state court, in reference to state process; and that it is a power which cannot be executed by a court of the United States. It is one of the powers proper, and often necessary to be exercised, to enable the state court to attain the two great objects of the law, the relief of the debtor personally, and the equal distribution of his effects among all his creditors. The state court has the petition and all parties before it, and has the needful means to exercise soundly, that discretion which the law confers. But this court has nothing to do with the general question, whether the debtor shall receive his discharge, nor with the distribution of his effects. Neither has it the petition, nor the inventory of the property, nor power to examine the debtor, nor to call in the creditors to contest the honesty of his proceedings. We have not the instrumentalities needful to enable us to exercise a sound discretion in the premises.

Neither have we a right to substitute the discretion of the state court for our own. It appears by the certificate which is produced, that the supreme court of Rhode Island has exercised its discretion in favor of the petitioner, and granted a stay of proceedings until the next term of that court. But the plaintiff in this judgment has a right to require this court, before it exercises summarily its high power of staying an execution, to be satisfied judicially of the existence of a case, which in point of law and fact requires such a supervision of his rights. And we cannot delegate to any other tribunal the power to determine this question, nor act, without examination, upon the result of the exercise of the discretion of the supreme court of the state, though we feel entire respect for that court. It must be observed also, that the stay granted by that court is only until its next term. They retain their control over the proceedings, and at that time may put an end to it. While if we act upon the footing of the stay granted by them, it may have a very different effect upon the process of this court; for we may find, hereafter, that our process has been suspended, long after the stay granted by the state court has been terminated. I do not say that a case may not possibly be made, in which this court would think it proper to stay an execution to enable a debtor to complete his application for a discharge; though in view of the difficulties which would attend such an order, I am strongly inclined to think the discharge must first be obtained, before this court can safely modify its action. When obtained, if the imprisonment has been begun on an execution, application must be made here for relief; and without undertaking to say what action the court would take in such a case, I should certainly go as far as the law may permit, to relieve an honest debtor. In this opinion the district judge concurs. Motion overruled.